### SARAH SHEPHERD *vs.* EDWARD YOUNG, Administrator.

A widow who has supported a destitute infant grandchild, cannot, upon the death of the child by a railroad accident, and the payment of damages to its administrator by the proprietors of the railroad, maintain an action against the administrator, for the amount of the child's board, even if he has expressly promised to pay it.

ACTION OF CONTRACT on an account annexed of $500 for board of Julia Anderson, the defendant's intestate, and her mother, from the 15th of August 1850 to the 4th of July 1852; with a count on a special promise by the defendant to pay said bill to the plaintiff.

The parties submitted the case to the decision of the court upon the following facts, and agreed that the court might draw such inferences therefrom as a jury might draw.

On the 15th of August 1850 said Julia, being then sixteen months old, and her mother, Agnes Anderson, were deserted by Thomas Anderson, their father and husband, without the fault of said Agnes, leaving them entirely destitute; and on the same day went to live with the plaintiff, who was a widow, and mother of Mrs. Anderson, and lived with her till the 4th of July 1852, during which time they were supported by the plaintiff, and Mrs. Anderson did what work she could, when the child did not need her attention, and earned enough to clothe herself and child, and pay her mother about twenty five dollars, and, if it had not been for the child, could have supported herself.

In May 1853 said Julia, being a passenger in the cars of the New York and New Haven Railroad Corporation, was instantly killed by the great accident at Norwalk. On the 18th of August the defendant was duly appointed her administrator, and on the 30th of that month received from the railroad corporation twenty five hundred dollars, and as such administrator executed to them a release of all claims for damages on account of her death, and also, under a power of attorney from Mrs. Anderson which was afterwards ratified by her husband, a release of all her claims. Said Julia had no other estate than this claim for damages.

Afterwards, and before the defendant had paid over any of the money, the plaintiff filed with him her bill of five hundred dollars for board; and he said, "it was an honest claim, and he would see that she had it, whether the money went to Mr. Anderson or Mrs. Anderson," and about the same time paid Mrs. Anderson two hundred dollars out of the twenty five hundred dollars; and afterwards, and before this suit was brought, represented that he had paid Mr. Anderson fourteen hundred dollars in full discharge of his claims.

*F. W. Sawyer,* for the plaintiff, cited *Gay* v. *Ballou,* 4 Wend. 403; *Hallett* v. *Oakes,* 1 Cush. 296.

*I. J. Austin,* for the defendant.

BIGELOW, J. The facts in this case do not show any valid debt by the infant's intestate to the plaintiff. The board of the child was clearly a gratuity, furnished from motives of affection and kindness by the plaintiff, without any expectation of remuneration, or intent to make a claim in the nature of a debt. There is therefore nothing on which an implied contract can rest to charge the assets of the intestate in the hands of the defendant. *Osborne* v. *Governors of Guy's Hospital,* 2 Stra. 728. *Pelly* v. *Rawlins,* Peake's Add. Cas. 226. *Dearborn* v. *Brownson,* 3 Met. 155. *McGilvery* v. *Capen,* 7 Gray, 524, 525.

Nor can the plaintiff maintain her action against the defendant as administrator, to charge assets in his hands on the express promise of the defendant. It was wholly without consideration and void, as *nudum pactum.* Besides, it was not competent for the defendant, by his promise, to bind the assets in his hands as administrator, to pay a claim which was not valid as against the estate of his intestate. *Washburn* v. *Hall,* 10 Pick. 431. *Ripley* v. *Sampson,* 10 Pick. 373.

*Judgment for the defendant.*